OWEN, Circuit Judge,
dissenting:
The reasoning of the Supreme Court’s decision in Johnson v. United States[1] seems to require that we construe Rule 52(b)[2] to mean that “plain error” includes error that was plain at the time of appeal even though the law was unsettled or unclear at the time of trial. In view of the Supreme Court’s interpretation of when error is “plain error” under Rule 52(b), I agree with the en banc majority opinion’s conclusion that the district court’s error in considering the defendant’s need for an anger management treatment program in selecting the length of the sentence to be imposed was “plain error.” However, the error does not “seriously affect[ ] the fairness, integrity or public reputation of judicial proceedings” in light of the facts of this case.[3] I therefore dissent.
I
Rule 52(b) provides, “A plain error that affects substantial rights may be considered even though it was not brought to the court’s attention.”[4] With great respect to Judge Garza and his dissenting opinion in the present case, the Supreme Court did not create an “exception” to Rule 52(b) in Johnson v. United States. The Court’s *456 decision is very clear that it was construing Rule 52(b) as written. Writing for a unanimous Court, Chief Justice Rehnquist said, “[I]t is [Rule 52(b)] which by its terms governs direct appeals from judgments of conviction in the federal system,” and “We [have] cautioned against any unwarranted expansion of Rule 52(b).”[5] The Chief Justice continued, “Even less appropriate than an unwarranted expansion of the Rule would be the creation out of whole cloth of an exception to it, an exception which we have no authority to make.”[6]
The Supreme Court[7] then proceeded to construe the meaning of “plain” as used in Rule 52(b) as part of its analysis of the second prong of the familiar “plain error” construct set forth in United States v. Olano,[8] among other cases. In Johnson, the Court addressed “when an error must be plain to be reviewable.”[9] The Court observed that in the case before it, “the error is certainly clear under ‘current law,’ but it was by no means clear at the time of trial.”[10] The error in Johnson was that the district court instructed the jury that the issue of materiality in a perjury case was for the court to decide and that the district court had determined that the defendant’s statements were material.[11] The district court did not submit this element of the offense to the jury.[12] The district court’s actions were in compliance with then-existing Circuit precedent.[13] Not only did counsel for the defendant fail to object to the district court’s instruction to the jury regarding materiality, counsel for the defense had objected when the prosecution had offered evidence regarding materiality, arguing that materiality was an issue for the court to decide rather than the jury.[14]
The Supreme Court held in Johnson that “where the law at the time of trial was settled and clearly contrary to the law at the time of appeal- — it is enough that an error be ‘plain’ at the time of appellate consideration.”[15] The Court elaborated, “Here, at the time of trial it was settled that the issue of materiality was to be decided by the court, not the jury; by the time of appellate consideration, the law had changed, and it is now settled that materiality is an issue for the jury.”[16] The Court explicitly held that “[t]he second part of the Olano test is therefore satisfied.”[17] The second part of the Olano test is that the error is “plain” within the meaning of Rule 52(b).[18] Accordingly, the words “plain error” include not only error *457 that was obvious at the time of trial, but error that was not considered error at the time of trial. Logically, this leaves no room for a definition of “plain error” under Rule 52(b) that excludes error known to be error at the time of appeal though the law was unsettled or murky at the time of trial. As used in Rule 52(b), “plain error” simply cannot mean two different things, depending on whether the law was unclear at the time of trial or had changed by the time of appeal. If well-settled law at the time of trial thereafter changed and there is “plain error” at the time of appeal, then unclear law at the time of trial that has become clear at the time of appeal cannot be excluded from the meaning of “plain error.”
Although the Supreme Court did “agree” in Johnson with the argument that requiring error to be clear at the time of trial as well as the time of appeal “would result in counsel’s inevitably making a long and virtually useless laundry list of objections to rulings that were plainly supported by existing precedent,”[19] this reasoning was not an independent basis or justification for the court’s decision. It was an argument that supported the Court’s answer to the ultimate inquiry, which was “when an error must be plain to be renewable” within the meaning of Rule 52(b).[20] The decision in Johnson as to when error must be plain rested entirely on the meaning of “plain error” as used in Rule 52(b). It did not rest on the common law or an exception to common-law notions or traditions. The decision in Johnson regarding the meaning of “plain error” and when error is “plain” cannot be explained, or more importantly distinguished, based on practicalities or an analysis of trial practices or judicial economy in some circumstances as contrasted to others. The Court’s ruling was based, as the decision itself says it must be, on the “Rule which by its terms governs direct appeals from judgments of convictions in the federal system.”[21] That Rule is the text of Rule 52(b), nothing more, nothing less. It is worth reiterating the Court’s admonition in Johnson: “Even less appropriate than an unwarranted expansion of the Rule would be the creation out of whole cloth of an exception to it, an exception which we have no authority to make.”[22] The Supreme Court has spoken regarding the meaning of “plain error.” Unless and until it changes that view, the logic of its decision in Johnson should control our interpretation of “plain error” and when error is “plain” within the meaning of Rule 52(b).
II
Congress has given parameters that constrain courts in the sentencing process. One of these is 18 U.S.C. § 3582(a), which provides in pertinent part:
The court, in determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation.
I agree with the en bane majority opinion that the district court improperly considered the need for rehabilitation in selecting the length of the sentence it imposed. However, it is not clear from the record before us that this error affected substantial rights. There were other *458 considerations that appeared to support the sentence selected. But even assuming that substantial rights were affected, our court should not exercise its discretion to correct the error.
The fourth prong of Olmo is that the error “seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.”[23] In the present case, the advisory Guidelines sentencing range was 63 to 78 months of imprisonment. EscalanteReyes received a below-Guidelines sentence of 60 months of imprisonment. He had a prior criminal history and a history of abuse of family members. The district court identified factors other than the need for rehabilitation that would amply support the reasonableness of a sentence of 60 months in prison. Under these circumstances, there has been no serious effect on the fairness, integrity, or public reputation of judicial proceedings.
$ ‡ ‡ ‡ $
I respectfully dissent.

. 520 U.S. 461, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997).

. Fed.R.Crim.P. 52(b).

. Puckett v. United States, 556 U.S. 129, 135, 129 S.Ct 1423, 173 L.Ed.2d 266 (2009) (quoting United States v. Olano, 507 U.S. 725, 736, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993)).

. Fed.R.Crim.P. 52(b).

. Id. at 466, 117 S.Ct. 1544 (citing United States v. Young, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)).

. Id. (citing Carlisle v. United States, 517 U.S. 416, 425-26, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996)).

. Justice Scalia did not join in Parts II-B and II-C of the Court's opinion, which, respectively, contain an analysis of when error is "plain” and a discussion of "substantial rights.”

. 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).

. Johnson, 520 U.S. at 467, 117 S.Ct. 1544.

. Id.

. Id. at 464, 117 S.Ct. 1544.

. Id.

. Id. at 464, 117 S.Ct. 1544 (citing United States v. Molinares, 700 F.2d 647, 653 (11th Cir.1983)).

. Id.

. Id. at 468, 117 S.Ct. 1544.

. Id.

. Id.

. United States v. Olano, 507 U.S. 725, 734, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ("The second limitation on appellate authority un *457 der Rule 52(b) is that the error must be 'plain.' 'Plain' is synonymous with 'clear' or, equivalently, 'obvious.' ”).

. Johnson, 520 U.S. at 468, 117 S.Ct. 1544.

. Id. at 467, 117 S.Ct. 1544.

. Id. at 466, 117 S.Ct. 1544.

. Id.

. United States v. Olano, 507 U.S. 725, 732, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (alteration in original) (emphasis added) (quoting United States v. Young, 470 U.S. 1, 15, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)).